JOHN ANDERSON, Appellee, v. SPAULDING & EICHENDORF et al., Appellants.

**BROKERS:** Compensation—Mistake in Payment—Relief. Money paid
1 to a broker as a commission for finding a purchaser, and paid in
the mutual belief of the parties that the purchaser was able to
carry out his contract, may, when the contrary is made to appear,
be recovered, it further appearing that the commission was not
legally earned until the contract was fully consummated.

**PLEADING:** Issues, Proof, and Variance—Insufficient Allegation
2 Treated as Sufficient. An insufficient plea of mutual mistake, when
treated by the parties in the trial court as sufficient, will be so
treated by the appellate court on appeal.

*Appeal from Clayton District Court.*—W. J. SPRINGER, Judge.

APRIL 4, 1924.

SUIT in equity, to recover money paid to the defendants through alleged mistake. The answer was, in substance, a general denial, and a plea of voluntary payment. There was a decree for the plaintiff, and the defendants appeal.—*Affirmed.*

*V. T. Price* and *W. L. Eichendorf*, for appellants.

*M. X. Ceske,* for appellee.

EVANS, J.—The petition was not assailed in the trial court, nor was there any motion therein to transfer to the law side of the docket. We shall, therefore, treat the petition as sufficient in form, and the case as properly brought on the equity side. There is no substantial conflict in the evidence. The record discloses that, on October 30, 1919, the plaintiff entered into a contract with the defendants whereby he constituted them his agents for the sale of his 130-acre farm, at a specified price, such agency to be exclusive until April 5, 1920. On April 3,

1. BROKERS: compensation: mistake in payment: relief.

1920, the defendants produced a purported purchaser, who, with the plaintiff, signed an executory contract of sale and purchase of the farm, such contract to be performed on March 1, 1921. This contract was never performed by the purchaser; and this because the purchaser was never able to perform it. It further appears that, at the time of the execution of the executory contract, both of the parties hereto believed that the purchaser was able to perform. In that belief, the plaintiff paid and the defendants received, in the first instance, the agreed commission of $130. It further appears that the contract of agency provided for additional compensation in the event of a sale at a price in excess of $125 per acre. Such additional compensation was to be one half of the excess. The contract price agreed on was $130 per acre. On the face of the contract, therefore, there was an excess of $650, to be divided between the owner and his agent. The defendants suggested to the plaintiff that, if he would advance such payment at that time, rather than to delay payment until March 1st, they would allow him discount to cover accrued interest at 8 per cent. In the same mutual belief of the ability of the purchaser to perform his contract, the plaintiff recognized the ultimate rights of the defendants to additional compensation of $325, and then and there paid the same to them, less a discount equivalent to 8 per cent interest until March 1st. The sum total sued for by the plaintiff is $455. The foregoing is a sufficient statement to bring us to the argument. The plaintiff contends that the commission was not, in fact, earned at the time of the payment, because the purchaser was not able to perform; and that he is, therefore, entitled to recover as for money paid by him and received by the defendants through mutual mistake, in that both believed the purchaser to be able.

The argument for the defendants is that the commission was earned when the contract was signed; and that, in any event, the plaintiff voluntarily treated it as earned, and voluntarily paid it, and that he has no right of action to recover money voluntarily paid. It is further argued that, if the defendants can be rendered liable at all, it must be on the ground of false representations, and that fraud on their part is neither pleaded nor proved.

Under the facts appearing, and under this contract of employment, the commission was not earned by the mere obtaining of the signature of a purchaser to an executory contract of sale which he was not able to perform. *Snyder v. Fidler*, 125 Iowa 378. If the plaintiff had paid the commission knowing the inability of the purchaser to perform, he would thereby waive such objection to the purchaser. But he did not know it, and there was no intent on his part to waive such condition. Inasmuch as both parties supposed the purchaser to be able to perform, and inasmuch as he was not in fact so able, there was a mutual mistake of fact, under which the one party paid and the other received.

A difficulty presented at this point is that the plaintiff did not plead a *mutual* mistake; neither did he plead fraudulent representation. He did plead the *mistake*. The defendants

2. PLEADING: issues, proof, and variance: insufficient allegation treated as sufficient.

were entitled in the court below to a more specific statement if they had moved for it. In the absence of attack in the trial court, the pleadings of the appellee will be construed most favorably to the sustaining of the judgment below. The trial below was had on the theory of recovery for money paid by mutual mistake, and the trial court decided the case upon such theory. Notwithstanding the readily apparent defect of the petition, we think it was sufficient in form to warrant the construction placed upon it by the trial court. The proof of the plaintiff's mistake is direct and convincing. The proof of defendants' mistake is inferential, and quite as convincing. If the defendants were not mistaken, the only alternative would be to say that they knew the purchaser's inability. If they knew such fact, their concealment of it would have been a fraud upon their principal. There is nothing in the record that would justify finding that they knowingly deceived their principal, either by concealment or otherwise. The trial court properly exonerated them in that regard. This result was predicated upon the inevitable inference that they were mistaken in their assumption of the purchaser's ability to perform.

The decree below is, accordingly, affirmed.—*Affirmed*.

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.